UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

REGINALD VANCE )
13409 Reid Circle )
Ft. Washington, MD 20744 )
)
        Plaintiff, )
)
        v. ) Case No.
)
DIRK KEMPTHORNE, SECRETARY ) Jury Trial Demand
DEPARTMENT OF THE INTERIOR )
1849 C Street, NW )
Washington, DC 20240 )
)
        Defendant. )

## COMPLAINT

Comes now Plaintiff, Reginald Vance, by and through counsel, and files this complaint against Defendant Dirk Kempthorne, Secretary, U.S. Department of the Interior.

### Jurisdiction and Venue

1. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. Section 1331 and 42 U.S.C. Section 2000e et seq. (Title VII).

2. Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Vance's claims occurred in this judicial district and Defendant may be found in this judicial district.

## Parties

3. Plaintiff Reginald Vance (hereafter "Plaintiff" or "Mr. Vance"), an African American male, is employed as a GS-0343-14 Supervisory Management and Program Analyst, in the Office of the Chief Information Officer, with the National Park Service, U.S. Department of the Interior.

4. Defendant Dirk Kempthorne (hereafter "Defendant") is the Secretary for the U.S. Department of the Interior.

## Facts

5. Mr. Vance is employed as a GS-14 Supervisory Management and Budget Analyst, and is the Chief of the Business and Finance Office in the Office of the Chief Information Officer at the National Park Service. Throughout his employment, Mr. Vance received superior evaluations.

6. In 2006, Mr. Vance reported to John Snyder, a Caucasian male and the Acting Chief Information Officer. In 2006, Mr. Vance filed an internal complaint against the Defendant alleging discrimination in employment, arising from treatment by his supervisor, John Snyder. On April 26, 2007, the parties entered into a Resolution Agreement. The Resolution Agreement provided, among other things that the Agency, through Snyder, would invite Mr. Vance to budget meetings or inform him of pertinent information related to budget issues; Snyder would schedule weekly meetings with Mr. Vance; Snyder would include Mr. Vance in the weekly Tier 1 management meetings; Snyder would work to provide a suitable office for Mr. Vance; and Mr. Vance would be permitted to pursue a detail.

7. After execution of the Resolution Agreement, the Agency failed to complete any of the terms of the Resolution Agreement. Mr. Vance was involuntarily transferred to Herndon, Virginia by Snyder. At the request of Snyder, the Agency also initiated an audit of Mr. Vance's use of a government issued credit card. The audit covered the period from 2000 through 2007. Prior to receiving Mr. Vance's explanation for any of the charges, the Agency referred the issue to the U.S. Attorney's Office for prosecution. The U.S. Attorney refused to prosecute the matter. Snyder referred the matter to the Agency's Office of Inspector General and for consideration of some other form of discipline.

8. On July 25, 2007, Mr. Vance notified the Agency's Director of Civil Rights that the Agency was in breach of the Resolution Agreement and requested reinstatement of his complaint. The Agency has not taken any action on the breach of the agreement over the past year. Snyder retaliated against Mr. Vance by extending his involuntary detail for an additional sixty days in Virginia on August 28, 2007, as he vacated the Acting Chief Information Officer position, and returned to a position as Deputy Chief Information Officer.

9. In January 2008, Mr. Vance was reassigned to Jeffery Compton, a Caucasian male, and Deputy Chief Information Officer. Between January 2008 and July 2008, Compton refused to communicate with Mr. Vance and refused to assign him any substantive work.

10. On April 21, 2008, Compton proposed to remove Mr. Vance from employment for misuse of a government issued credit card. Compton submitted a proposal to remove Mr. Vance to Joseph L. Curran, Chief Information Officer. Mr. Vance, through counsel,

submitted a written rebuttal to Joseph Curran, where he disputed the charges of misuse of a government issued credit card. He did acknowledge approximately five incidents over a period of eight years where he inadvertently used the credit card for gas or food in the total amount of approximately $200. He offered to immediately reimburse the government for this oversight.

11.   Mr. Vance exercised his right to request an oral hearing on the proposal to remove him. Curran ignored Mr. Vance's request for an oral hearing and refused to communicate with him.

12.   On July 22, 2008, Curran issued a Decision to remove Mr. Vance from federal service, effective July 25, 2008, in response to the proposal to remove Mr. Vance. Mr. Vance was immediately placed on administrative leave. Mr. Vance was not afforded an oral hearing at any time before his termination.

13.   Mr. Vance was singled our for an audit of his credit card usage in an Agency with thousands of employees who have government issued credit cards. As the Chief of the Budget and Finance Office, Mr. Vance is aware that there have been several incidents of Caucasian employees who used government issued credit cards which resulted in thousands of dollars of losses for the Agency, and those employees have not been terminated.

## COUNT I

### Breach of Contract

Plaintiff Vance repeats and incorporates by reference the allegations contained in paragraphs 1 though 13 above.

14.   The Agency entered into a Resolution Agreement to resolve the prior EEO

complaint. The Resolution Agreement is a binding contract. The Agency has breached material terms of the Settlement Agreement by: 1) failing to invite Mr. Vance to budget meetings or inform him of pertinent information related to budget issues; 2) failing to schedule weekly meetings with Mr. Vance; 3) failing to include Mr. Vance in the weekly Tier 1 management meetings; 4) failing to provide a suitable office for Mr. Vance and involuntarily detailing him to Virginia; 5) refusing to permit Mr. Vance to pursue a detail; 5) retaliating against Mr. Vance by treating him differently from other agency employees and subjecting him to an audit and by proposing to remove him without due process.

15. Defendant was aware that damages would necessarily flow from the breach of the Resolution Agreement.

Wherefore, Vance requests the court's judgment and requests that the court:

A. Issue a declaratory judgment that Defendant's practices toward Plaintiff violated the Resolution Agreement and directing the agency to comply with the terms of the Resolution Agreement;

B. Enjoin Defendant from removing Mr. Vance from his position with the Agency pending a decision in this matter and direct the Agency to return Mr. Vance to employment pending a final decision on this matter;

C. Grant Mr. Vance damages, not to exceed $10,000;

D. Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

E. Award Mr. Vance such other relief as to which he may be deemed entitled.

## COUNT II

### Violation of Due Process Clause of the Fifth Amendment and Deprivation of a Property and Liberty Interest Without a Hearing

Plaintiff Vance repeats and incorporates by reference the allegations contained in paragraphs 1 though 15 above.

16. Mr. Vance is a career civil service employee with a constitutionally protected property and liberty interest in his employment. Mr. Vance is entitled to due process, including notice and an opportunity to be heard before being deprived of his constitutionally protected property and liberty interest in his employment. The individual managers, acting on behalf of the Defendant, deprived Vance of due process and a hearing to which he was entitled under the Due Process Clause.

17. As a direct and proximate cause of the Defendant's actions, Mr. Vance will suffer a violation of his constitutional rights and lose wages and benefits, and has suffered emotional distress, embarrassment, anxiety, fatigue, mental distress, humiliation, illness, and damage to his employment and personal reputation.

Wherefore, Mr. Vance prays that the court issues an Order as follows:

    A.    Issue a declaratory judgment that Defendant's practices toward Plaintiff were violated his due process rights;

    B.    Enjoin Defendant from removing Mr. Vance from his position with the Agency pending a decision in this matter;

    C.    Grant Mr. Vance compensatory damages, including back pay and front pay and all lost benefits;

D.   Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

E.   Award Mr. Vance such other relief as to which he may be deemed entitled.

## COUNT III

**Violation of Title VII of the Civil Rights Act of 1964
42 U.S.C. Section 2000e-3(a)
Retaliation**

Plaintiff realleges and incorporates the allegations of paragraphs 1 through 17 above as if fully set forth herein.

18.   Plaintiff was affected in a "term, condition and privilege" of employment as envisioned by 42 U.S.C. Section 2000e-2(a)(1) in that Defendant retaliated against Plaintiff for filing an EEO claim.

19.   At all pertinent times, Defendant was an employer subject to the provisions of 42 U.S.C. Section 2000e et seq.

20.   At all pertinent times, Plaintiff was an employee entitled to protection under Title VII.

21.   Title VII prohibits discrimination in employment and retaliation for engaging in protected EEO activity.

22.   In violation of Title VII, after Mr. Vance settled his prior EEO complaint, Defendant retaliated against Mr. Vance by 1) failing to invite Mr. Vance to Budget Meetings or inform him of pertinent information related to budget issues; 2) failing to scheduling weekly meetings with Mr. Vance; 3) failing to include Mr. Vance in the weekly Tier 1 management meetings; 4) failing to provide a suitable office for Mr. Vance

and involuntarily detailing him to Virginia; 5) refusing to permit Mr. Vance to pursue a detail; 5) treating him differently from other agency employees and subjecting him to an audit and by removing him from employment without due process.

WHEREFORE, Plaintiff requests that the Court will:

    A.    Issue a declaratory judgment that Defendant's practices toward Plaintiff are in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq.

    B.    Enjoin Defendant from retaliating against employees who file EEO complaints under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq.

    C.    Grant Plaintiff judgment for compensatory damages against Defendant.

    D.    Grant Plaintiff his costs and a reasonable award of attorneys fees pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5(k), and all applicable statutes.

    Respectfully submitted,

    _/s/ David A. Branch_
    David A. Branch #438764
    Law Offices of David A. Branch, PC
    1825 Connecticut Avenue, NW #690
    Washington, D.C. 20009
    (202) 785-2805

**JURY TRIAL DEMAND**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Reginald Vance

## DEFENDANTS
Dirk Kempthorne, Secretary U.S. Department of the Interior

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Prince George's
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David A. Branch
Law Office of David A. Branch
1825 Connecticut Avenue, NW #690
Washington, DC 20009
202.785.2805

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

● **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Breach of EEO Settlement Agreement; Violation of Fifth Amendment Due Process Rights; Retaliation under Title VII, 42 U.S.C. Sec. 2000

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE 7/25/08   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.