UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINALD VANCE                                )  <br>13409 Reid Circle                                  )  <br>Ft. Washington, MD 20744                 )  <br>                                                            )  <br>           Plaintiff,                                 )  <br>                                                            )  <br>      v.                                                 )  <br>                                                            )  <br>DIRK KEMPTHORNE, SECRETARY   )  <br>DEPARTMENT OF THE INTERIOR  )  <br>1849 C Street, NW                             )  <br>Washington, DC 20240                      )  <br>                                                            )  <br>           Defendant.                             )  <br>                                                            ) | Case No. 08-1283  <br><br>Jury Trial Demand |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

Comes Now the Plaintiff Reginald Vance, by and through his attorneys, hereby files this reply to the Defendant's Opposition to the motion for a temporary restraining order and a preliminary injunction.

Plaintiff Vance filed a complaint and motions for a temporary restraining order and preliminary injunction. Defendant has filed an opposition. Because Defendant's opposition is without merit, the motion should be granted.

**FACTORS FOR GRANTING INJUNCTIVE RELIEF**

A party seeking injunctive relief must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will result in the absence of the requested relief; (3) other interested parties will not suffer substantial harm if the injunction is granted, and ; (4) that the public interest favors entry of a preliminary injunction."[1] The court must balance these four factors, and "[a] court may balance weakness in one or more of the four factors against a particularly strong showing in one of the other factors," and therefore "injunctive relief 'may be justified ... where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable harm.'"[2] In the absence of a showing of some irreparable injury—even a "relative slight showing"—a court will not grant injunctive relief.[3]

A. Substantial Likelihood of Success on the Merits

Mr. Vance herein alleges that the Defendant's action against him---termination without providing him due process or notice and an opportunity to be heard at an oral hearing, amounts to a constitutional violation. In addition, Defendant breached the Resolution Agreement and retaliated against him for prior EEO activity. The Defendant contends that it provided Mr.

---

[1] Role Models America, Inc. v. White, 193 F.Supp.2d 76, 79-80, 2002 U.S. Dist. LEXIS 3081, **10.

[2] Id., 193 F.Supp.2d at 80, 2002 U.S. Dist. LEXIS 3081 at **11, quoting Cityfed Fin. Corp. v. Office of Thrift Supervision, 313 U.S. App. D.C. 178, 58 F.3d 738, 747 (other citation omitted).

[3] Role Models America, Inc. v. White, 193 F.Supp.2d 76, 80, 2002 U.S. Dist. LEXIS 3081, **11-12, quoting Cityfed Fin. Corp. v. Office of Thrift Supervision, 313 U.S. App. D.C. 178, 58 F.3d 738, 747 (D.C. Cir. 1995) (internal quotation omitted).

Vance with due process, and Mr. Vance has not exhausted his Title VII claim and the court lacks jurisdiction to consider the breach of contract claim

### A.     Mr. Vance was not Provided Due Process

On at least two occasions before his termination, Mr. Vance requested an opportunity to submit an oral reply before a decision was made on his continued employment. Ex. F(Vance Supplement). On May 16, 2008, Mr. Vance wrote to the deciding official, Joseph Larry Curran, and stated: "Upon your return and at your convenience, **I would like to schedule an oral reply** to provide any information that may be required for further clarification." On July 22, 2008, Mr. Vance again wrote the Curran and stated: "When you informed me that you would be taking and adverse disciplinary action, I was even more shocked that you made this decision without responding to my request for an oral hearing. . . . Larry Hudson informed me that you have requested a meeting with me in your office tomorrow at 3:00 p.m. Please let me know if you plan to respond to my request for an oral hearing." Exhibit G. Defendant contends that Mr. Vance "offered his availability for an oral reply." It is not disputed that Mr. Vance was not permitted to schedule an oral reply.

### B.     The Defendant Violated Mr. Vance's Constitutional Due Process Rights

In employment termination cases, the minimum pretermination procedural elements required by the due process clause of the Fourteenth Amendment include (1) written notice of the reasons for termination and (2) an effective opportunity to rebut those reasons. See Thurston v. Dekle, 531 F.2d 1264, 1273 (5th Cir. 1976), vacated and remanded on other grounds, 438 U.S. 901, (1978). Effective rebuttal means that the employee is given "the right to respond in writing to the charges made and to respond orally before the official charged with the responsibility of

making the termination decision." Id.; Russell v. Harrison, 736 F.2d 283, 289-91 (5th Cir. 1984) (reversing summary judgment on violation of procedural due process claim where Plaintiffs were not provided meaningful opportunity to respond to reasons offered for dismissal).

Despite his repeated requests for an oral hearing, the Agency terminated Mr. Vance without providing an oral hearing. In summary, Defendant violated Mr. Vance's due process rights by refusing to grant him an opportunity to present an oral reply. Mr. Vance has demonstrated a <u>very strong</u> likelihood of success on the merits on the due process violation.

C.    Mr. Vance was not required to exhaust his administrative remedies on his claims.

Defendant claims that Ms. Vance cannot show a substantial likelihood of success on the merits of his claim because he failed to exhaust administrative remedies. Defendant asserts that Mr. Vance is required to file a grievance with the Merit Systems Protection Board for his claim of violation of due process under the Fifth Amendment. In Andrade v. Lauer, 729 F.2d 1475, 1493 D.C. Cir. 1984), the Circuit Court of Appeals specifically addressed this issue and held that a party raising a due process constitutional claim is not required to exhaust his administrative remedies, if the constitutional claim depends on facts unrelated to the nonconstutional claims.

> We therefore conclude that appellants need not exhaust administrative remedies for their nonconstitutional claims before bringing their constitutional claims in federal court. This conclusion is buttressed by recent decisions in the Supreme Court and in this court. Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court refused to require the plaintiff to pursue available administrative channels in which he could protest termination of Social Security disability benefits. Instead, even in the presence of a statute explicitly requiring exhaustion of administrative remedies as a prerequisite to District Court jurisdiction, the Supreme Court permitted the plaintiff to bring a procedural due process challenge in District Court to the procedures used for terminating disability benefits. As in this case, the plaintiff could not have pressed his constitutional challenge through the administrative process but, as in this case, the administrative process could have remedied his nonconstitutional claim. In this context, the Court refused to apply the exhaustion doctrine.

Similarly, our cases have held that plaintiffs may sometimes present their constitutional claims in federal court even if they have failed to exhaust administrative remedies on nonconstitutional claims. For instance, in Committee for GI Rights v. Callaway, supra, 518 F.2d 466, we did not require exhaustion when to do so would "merely delay a decision by the federal courts," id. at 474, given the fact that the administrative body was obviously incapable of adequately adjudicating the constitutional claim. In the instant case, in which the constitutional question is clear and depends on facts almost entirely unrelated to the facts upon which the nonconstitutional claims are based, and in which appellants face an extremely long and burdensome administrative remedy, we hold that the exhaustion doctrine ought not be applied.

Here, Mr. Vance's due process claims are unrelated to the underlying claims concerning the termination. The administrative scheme which Defendant claims Mr. Vance was required to exhaust, would permit Mr. Vance an opportunity to challenge whether there was a sufficient evidence to support his termination based on alleged mis-use of a government issued credit card. By contrast, Mr. Vance's claim of a violation of his due process rights involves whether he was given adequate notice and an opportunity to respond to the charges against him, and specifically whether he was denied an oral hearing.

Defendant cites to Convertino v. U.S. Department of Justice, 393 F. Supp. 2d 42 (D.D.C. 2005). This case is distinguishable from Convertino because that case involved a claim made by a government attorney and whistleblower that the government violated the Administrative Procedure Act, the Lloyd-FaFollette Act, and his First Amendment rights. There, the court held that "A principal purpose of the CSRA is to "provide increased protection for `whistleblower,' federal employees seeking to disclose wrongdoing in the government . . . . Thus, the CSRA explicating prohibits taking, failing to take, or threatening to take or fail to take, a personnel action "because of various forms of "whistleblowing." Mem. Op. at 5. The court held that the First Amendment constitutional claim was intertwined with the CSRA claim, and any corrective

5

action available to the plaintiff through the administrative review process could be fully effective in remedying the constitutional violation. The <u>Convertino</u> court noted the exception which exists for the "unusual case in which the constitutional claim raises issues totally unrelated to the CSRA procedures." Mem. Op at 9.

Mr. Vance's Fifth Amendment due process claim is not intertwined with his other claims, and in fact is unrelated to his other claims.

### D. Mr. Vance Exhausted his Title VII retaliation claims.

The Defendant claims that Mr. Vance has not exhausted his Title VII claims. Mr. Vance previously filed an EEO complaint and that complaint was settled through a Resolution Agreement. In July 2007, Mr. Vance notified the Agency that the Agency had violated the Resolution Agreement and requested that the complaint be reinstated. A federal agency is required to take action on a complaint within 180 days. If the Agency fails to investigate a complaint within 180 days, a federal employee is free to file in court. Having failed to investigate his claims within 180 days, Mr. Vance was free to file a complaint in federal court. In <u>Sakesenaskigh v. Secretary of Education</u>, 126 F.3d 347, 351 (D.C. Cir. 1997), the court held that the district court has supplemental jurisdiction over unexhausted retaliation claims.

Defendant cites to the case of <u>Howard v. Guterrez</u>, Civ. No. 08-0421 (PLF) (April 16, 2008), where the court denied a request for a temporary restraining order when it was undisputed that the Plaintiff filed to exhaust her administrative remedies. Unlike the Plaintiff in <u>Howard</u>, Mr. Vance has alleged a constitutional violation and breach of contract, and has exhausted his administrative remedies.

### E. The Court has jurisdiction over the breach of contract claim.

Defendant contends that the court does not have jurisdiction over the breach of contract claim. As noted, Mr. Vance previously filed an EEO complaint and that complaint was settled through a Resolution Agreement. In July 2007, Mr. Vance notified the Agency that the Agency had violated the Resolution Agreement and requested that the complaint be reinstated. Mr. Vance has limited his damages to $10,000 on the breach of contract claim and it is properly before the court. In <u>Sakesenaskigh v. Secretary of Education</u>, 126 F.3d 347, 351 (D.C. Cir. 1997), the court held that the district court had jurisdiction over a breach of settlement agreement claim. The Court of Appeals in <u>Greenhill v. Spellings</u>, 482 F.3d 569, 575(D.C. Cir. 2007) held that the Court of Federal Claims maintains exclusive jurisdiction over the breach of contract claims if the value of the claims exceed $10,000.

<u>E. Mr. Vance has established that he will suffer irreparable harm.</u>

Defendant next claims that Mr. Vance cannot show irreparable injury because, according to the Defendant, a plaintiff seeking injunctive relief in a Title VII action against the federal government must make "a more stringent showing of irreparable injury." Defendant claims that the injuries Mr. Vance cites are temporary, economic damages which are recoverable during the ordinary course of Title VII litigation. Mr. Vance asserts that losing of his federal job under a cloud of misuse of a government issued credit card, when he has not been provided his due process rights, would prevent him from obtaining meaningful employment in the government and private sector. In addition, Mr. Vance is responsible for caring for his mother who has cancer, and if he is terminated, she will not receive medical treatment which will result in deterioration of her condition and possibly a premature death. Far from temporary, the damages irreparable and could result in loss of life.

Finally, Defendant claims that granting injunctive relief would harm defendant and serve no public interest. The right to due process before denial of an interest in property is one of the most basic of constitutional rights. The public has a great interest in preserving rights guaranteed under the Fifth Amendment. This constitutional violation could have easily been avoided if Defendant had simply provided Mr. Vance with an oral hearing. There is no harm to the Defendant.

                                                            Respectfully submitted,

By:            /s/
      David A. Branch #438764
      Law Office of David A. Branch, P.C.
      1825 Connecticut Avenue, NW #690
      Washington, D.C. 20009
        (202) 785-2805
      Attorney for Plaintiff

**Certificate of Service**

I hereby certify this 31st day of July 2008, that a copy of the foregoing Plaintiff's Reply to Opposition to Motion for Preliminary Injunction and Motion for Temporary Restraining Order was sent electronically to counsel for Defendant listed below:

Laurie Weinstein
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

                                                                                 /s/

David A. Branch